IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES E. CUTTIC, an individual, | ) | Civil Action No.: |
| | ) | |
| Plaintiff, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| v. | ) | |
| | ) | |
| CROZER-KEYSTONE HEALTH SYSTEM, a corporation, | ) | **ELECTRONICALLY FILED** |
| | ) | |
| Defendant. | ) | |

## COLLECTIVE ACTION COMPLAINT

Plaintiff, Charles E. Cuttic, on behalf of himself and others similarly situated, files the following Complaint, averring as follows:

1. This is a collective action under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), to recover unpaid overtime, filed by Plaintiff on behalf of all persons who at any time during the past three years and up until the date of entry of judgment are or were employed by Defendant Crozer-Keystone Health System ("Defendant") as "Nurse Practitioners" or "Physician Assistants" (sometimes also collectively referred to as "Mid-level Providers").

## JURISDICTION AND VENUE

2. The jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3. Venue for this action properly lies in the Eastern District of Pennsylvania, pursuant to 28 U.S.C. §1391(b), because the claim arose in this judicial district.

## PARTIES

4. Plaintiff, Charles E. Cuttic ("Plaintiff"), is an adult individual residing in Downingtown, Pennsylvania. Plaintiff consents in writing to be a party to this collective action pursuant to 29 U.S.C. § 216(b).

5. Defendant, Crozer-Keystone Health System, is, upon information and belief, a corporation with headquarters located at 100 West Sproul Road, Springfield, PA 19064.

## FACTUAL BACKGROUND

6. Established in 1990, Crozer-Keystone Health System has been a dominant healthcare provider in Delaware County, Pennsylvania, northern Delaware, and part of western New Jersey.

7. At all times, the wage and hour and all related employee compensation policies of Defendant's facilities are and were dictated by, controlled by, and ratified by the Defendant.

8. Plaintiff is an employee of Defendant. He has been employed as a Physician Assistant at Crozer Chester Medical Center since February, 1995. Plaintiff is, and has been, paid entirely on an hourly basis, with his ultimate compensation determined by the number of hours he works in any given pay period.

9. The named Plaintiff and every other Mid-level Provider employed by Defendant are routinely required to work in excess of forty (40) hours per week or, alternatively, in instances where Defendant entered into an appropriate agreement or understanding with the employee (pursuant to Section 7(j) of the FLSA), more than 80 hours in any given two-week period or more than 8 hours in any day during such two-week period, without receiving overtime compensation. Plaintiff and the other members of the alleged collective action class are only

paid their regular hourly rate of compensation for each hour of overtime worked.  Although Plaintiff and the alleged collective action class are paid on an hourly basis, with their wages entirely dependant upon the quantity of hours worked, Defendant nevertheless treats them as "exempt" employees for purposes of the FLSA's overtime requirements.

10. This action is filed on behalf of all Mid-level Providers who are improperly classified as "exempt" employees, and therefore deprived of overtime compensation, to recover all overtime pay due to them under federal law.  These persons include current and former Mid-level Providers (Nurse Practitioners and Physician Assistants) employed at any of the Defendant's facilities during the three years preceding the filing of this action.

11. Pursuant to Defendant's uniform employment policies, Mid-level Providers are classified as "exempt" and paid only their straight hourly wage for each hour of overtime worked.  During the class period, the employees at issue have consistently been denied overtime compensation.  Defendant's non-compliance with the requirements of the FLSA was willful.

12. Plaintiff and all other members of the collective action are paid by Defendant exclusively on an hourly basis and are not paid a salary or fee.  They have received no overtime pay as required by law.

13. The Plaintiff and other class members are not professionally exempt because they do not meet the standard test (salary basis test) for such exemption.  The FLSA's exception to the salary or fee requirement for employees who "practice medicine" does not apply to Mid-level Providers.  *Belt v. Emcare, Inc.*, 444 F.3d 403 (5th Cir. 2006).

14. Some evidence generally reflecting the number of overtime hours worked by each class member and the compensation rates for the relevant work periods is in the possession of Defendant.  While Plaintiff is unable to state at this time the exact amount owing to the class,

Plaintiff proposes to obtain such information by appropriate and focused discovery proceedings to be taken promptly in this action, and requests that damages or restitution be awarded according to proof thus obtained and presented to the Court. When an employer fails to keep such time records, employees may establish the hours worked solely by their testimony and the burden of overcoming such testimony shifts to the employer.

## COLLECTIVE ACTION ALLEGATIONS

15.    Paragraphs 1-14 are incorporated by reference as if the same were fully set forth herein.

16.    Plaintiff brings this FLSA collective action on behalf of himself and all other persons similarly situated pursuant to 29 U.S.C. § 207 and 216(b), specifically, as follows:

> All persons employed by Defendant, nationally, as Nurse Practitioners or Physician Assistants ("Mid-level Providers"), within the three years preceding the filing of this action, who were paid on an hourly basis and worked more than 40 hours in any given work week or, alternatively (pursuant to an agreement or understanding between Defendant and such person) more than 80 hours in any given two-week period or more than 8 hours in any day during such two-week period, and were not paid overtime compensation by Defendant.

Upon information and belief, Plaintiff believes that the definition of the class will be further refined following discovery of Defendant's books and records.

17.    Plaintiff is unable to state the exact number of the class without discovery of Defendant's books and records but estimates the class to exceed twenty individuals.

18.    There are questions of law and fact common to the class which predominate over any questions affecting individual members only. These factual and legal questions include:

    a.    Whether Defendant's Mid-level Providers were uniformly classified as exempt, in violation of the FLSA;

    b.    Whether Defendant failed to pay Plaintiff and class members all overtime compensation due to them by virtue of their uniform designation of such employees as exempt;

      c.      Whether Plaintiff and class members worked overtime;

      d.      Whether Plaintiff and class members were paid on an hourly basis;

      e.      Whether Plaintiff and class members fit within the FLSA's exception to the salary or fee requirement for employees who "practice medicine."

      f.      The correct statute of limitations for Plaintiff's and class members' claims;

      g.      The correct method of calculating back overtime pay;

      h.      Whether Plaintiff and class members are entitled to compensatory damages, and if so, the means of measuring such damages;

      i.      Whether Defendant is liable for pre-judgment interest; and

      j.      Whether Defendant is liable for attorney's fees and costs.

11. Defendant has acted and refused to act on grounds generally applicable to the class.

12. The claims of the representative Plaintiff are typical of the claims of the class in that Plaintiff was denied mandatory overtime wages as a result of Defendant's uniform policy of treating its Mid-level Providers as exempt employees. This is the predominant issue which pertains to the claims of each and every class member.

13. The collective action is superior to other available methods for a fair and efficient adjudication of the controversy.

14. Plaintiff will fairly and adequately protect the interests of the class, as his interests are in complete alignment with those of the entire class, i.e., to prove and then eradicate Defendant's illegal employment practice of not paying overtime wages to its Mid-level Providers.

15. Counsel for Plaintiff will adequately protect the interests of the class.  Such counsel are experienced with employment/class litigation and have previously served as class counsel in employment litigation.

16. Plaintiff and the class he represents have suffered, and will continue to suffer, irreparable damage from the illegal policy, practice and custom regarding Defendant's pay practices.

17. Defendant has engaged in a continuing willful violation of the FLSA.

18. Plaintiff, as well as the individuals he represents, was denied overtime compensation as a result of Defendant's pay practices.  This violation was intended by Defendant and was willfully done.

19. Defendant's action in denying overtime wages to Plaintiff was intentional and constitutes a willful violation of the FLSA.

## FLSA OVERTIME VIOLATION

20. The allegations set forth in paragraphs 1 through 27 are incorporated herein.

21. At all relevant times, Defendant has been an employer engaged in interstate commerce consistent with 29 U.S.C. §§ 206(a) and 207(a).  At all relevant times, Defendant employed Plaintiff and each member of the collective action class consistent with the terms of the FLSA.

22. At all relevant times, Defendant has had annual gross revenues in excess of $500,000.00.

23. As a consequence of Defendant's employment practices regarding its Mid-level Providers, Plaintiff and the class have been denied statutory overtime wages.

24. Plaintiff and the class are employees of Defendant within the meaning of

the FLSA and, as such, are entitled to the benefits of the FLSA's overtime wage requirements.

25. Defendant's policy of not paying its Mid-level Providers overtime wages represents and results in a willful violation of the FLSA's minimum wage requirements.

26. Defendant has failed to pay appropriate overtime wages under the FLSA.

WHEREFORE, Plaintiff respectfully requests:

A. All applicable statutory damages;

B. A Declaration that Defendant has violated the FLSA;

C. An Order designating this action as a collective action and directing the issuance of notice pursuant to 29 U.S.C. § 216(b);

D. An Order appointing Plaintiff and his counsel to represent those individuals opting-in to the collective action;

E. An Order awarding attorneys' fees and costs; and,

F. All other relief the Court deems appropriate.

Respectfully submitted,

/s/ GFL7848
Gary F. Lynch, Esquire
PA I.D. No. 56887
glynch@carlsonlynch.com

CARLSON LYNCH LTD
36 N. Jefferson Street
P.O. Box 7635
New Castle, PA 16107
(724) 656-1555