IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHARLES E. CUTTIC,** | : | CIVIL ACTION |
| | : | |
| **Plaintiff,** | : | DOCKET NO. 09-1461 |
| | : | |
| vs. | : | Hon. Eduardo C. Robreno |
| | : | |
| **CROZER-KEYSTONE HEALTH SYSTEM;** | : | ELECTRONICALLY FILED |
| **CROZER-CHESTER MEDICAL CENTER;** | : | |
| **DELAWARE COUNTY MEMORIAL** | : | |
| **HOSPITAL; TAYLOR HOSPITAL;** | : | |
| **SPRINGFIELD HOSPITAL;** | : | |
| **COMMUNITY HOSPITAL;** | : | |
| **CROZER-KEYSTONE HEALTH NETWORK,** | : | |
| | : | |
| **Defendants.** | : | |

## MEMORANDUM OF LAW IN
## OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

The Court now has before it cross-Motions for Summary Judgment from the parties. This case is indeed ripe for summary judgment as set forth in Defendants' Memorandum of Law in Support of their Motion for Summary Judgment. Defendants' Memorandum not only explicates why the Defendants are entitled to summary judgment, but it also demonstrates why Plaintiff is *not* entitled to summary judgment. Accordingly, Defendants incorporate by reference their Memorandum of Law in Support of their Motion for Summary Judgment as if fully set forth herein. Plaintiff's Motion for Summary Judgment does nothing to change the analysis and necessary legal conclusion the Court should reach.

I.  **UNDISPUTED FACTS**

Plaintiff's Motion for Summary Judgment overlooks ***the*** critical, undisputed fact that Plaintiff is a physician assistant ("PA") who is licensed and engaged in the practice medicine in

1

the Commonwealth of Pennsylvania. (Pl. Dep. 54)[1]; 49 Pa. Code § 18.151(a). Plaintiff himself admitted this fact. (Pl. Dep. 54)

## II.   ARGUMENT

Because Plaintiff is a PA who is licensed and engaged in the practice of medicine, he is exempt from the overtime provisions of the Fair Labor Standards Act ("FLSA") even though he is paid approximately $50.00 per hour as opposed to a salary. 29 C.F.R. § 541.301(e)(4) (PA's meet the duties requirements for the professional exemption); 29 C.F.R. § 541.304(d) (salary basis requirement for professional exemption does not apply to employees licensed and engaged in the practice of medicine).

Plaintiff would have the Court ignore this clear conclusion by claiming that 29 C.F.R. § 541.304 is somehow ambiguous as to who can be considered to be licensed and engaged in the practice of medicine and that, therefore, the Court should defer to the position set forth by the Department of Labor ("DOL") in *Belt v. EmCare, Inc.*, 444 F.3d 403, 407 (5th Cir. 2006) that the PA's in that case were not licensed and engaged in the practice of medicine and therefore had to be paid on a salary basis in order to be exempt from the overtime provisions. But Plaintiff's position is nonsense.

In 2004, the DOL amended its regulations and "utilized ***objective, plain language*** in an attempt to make the regulations more understandable to employees and employee representatives, small business owners and human resource professionals." 69 Fed. Reg. at 22126 (emphasis added). The revisions also reflected an update to the DOL's antiquated description of PA's, which previously stemmed from a 30-year old DOL Opinion Letter from

---

[1]   The references to Plaintiff's deposition transcript cited herein have already been attached and submitted to the Court with the Memorandum of Law in Support of Defendants' Motion for Summary Judgment.

1974.  69 Fed. Reg. at 22,126 ("[T]he [Field Operations Handbook] section has not been updated in many years and thus may be out of date.").  The DOL did not make any changes to the "Practice of Law or Medicine" section at issue here since, in truth, the language of that regulation was already objective and plain.

In *Belt,* 444 F.3d at 407, the Fifth Circuit was faced with the question of whether PA's and nurse practitioners ("NP's") who were paid hourly, and not on a salary basis, were licensed and engaging in the practice of medicine.  If they were, then they would be exempt from the overtime provisions of the FLSA.  If they were not licensed and engaging in the practice of medicine, then they would not be exempt because they were not paid on a salary basis.

The Fifth Circuit ultimately concluded that where PA's are ***NOT*** licensed to practice medicine in the state in which they work, the "licensed and engaging in the practice of medicine" regulation is ambiguous and, therefore, deferred to the DOL's interpretation of its regulation that concluded that such PA's are not licensed and engaged in the practice of medicine.  Critically, the Fifth Circuit emphasized:

> [N]either NP's nor PA's qualify to "practice medicine" under Texas law. Wilson conceded that, as far as he was aware, NP's and PA's are not licensed to practice medicine within the meaning of any state's medical practices law. EmCare gives no satisfactory answer why this evidence should not count toward finding ambiguity in the regulation, other than to note that the DOL nowhere explicitly adopted any state's definition of medical practice.
>
> Though we routinely consult dictionaries as a principal source of ordinary meaning, we may also look to other statutes dealing with the same subject that use identical, or nearly identical, language, to resolve a difficult interpretive problem. **The fact that NP's and PA's are not licensed to practice medicine under any state's medical practices statute is strongly persuasive evidence that these professions do not view "practicing medicine" as part of their job description.** It is plausible that the words "or any of [its] branches" in § 541.3(e) are limited to traditional medical fields whose licenses *are* recognized by the states; e.g., osteopath, dentist, chiropractor, or optometrist. *See, e.g.*, Tex. Occ. Code § 104.003.

*Belt*, 444 F.3d at 412 (emphasis added) (footnotes omitted).

In this case, unlike in *Belt*, Pennsylvania explicitly recognizes that, as long as he or she is under the supervision of a physician, a PA "practices medicine." 49 Pa. Code § 18.151(a). Plaintiff himself admitted that with the supervision of his attending physician, he practices medicine and is licensed to do so. (Pl. Dep. 54.) Thus, whatever ambiguity existed in *Belt* by virtue of the fact that PA's were not licensed to practice medicine in Texas, that ambiguity does not exist here where PA's are licensed to practice medicine in Pennsylvania.[2] Indeed, the fact that Plaintiff is licensed and engaging in the practice of medicine in Pennsylvania obviates any arguable ambiguity as found by the Fifth Circuit in *Belt* and leaves this Court simply to apply the objective, plain language of 29 C.F.R. § 541.304.

Plaintiff seems to suggest that because Plaintiff is under the supervision of a physician when he practices medicine, he does not actually practice medicine. That contention is nonsensical. He himself admitted that when he is under the supervision of a physician, he practices medicine and the law of Pennsylvania authorizes him to do so. Pennsylvania law provides that Plaintiff, when under the supervision of a physician, practices medicine. 49 Pa. Code § 18.151(a). There is nothing confusing or ambiguous about what Plaintiff actually does in his job at Crozer-Chester Medical Center. Under the supervision of a physician, the work he does is the practice of medicine.

---

[2] Respectfully, the DOL's position that the PA's in *Belt* did not practice medicine was not well founded, or at best was limited to the facts of that case. The Plaintiff in this case clearly practices medicine as he himself described his duties and responsibilities and as he himself admitted. There is no dispute or ambiguity about that. Indeed, a congressional study found that "**[w]ithin their scope of practice, physician assistants provide health care that is indistinguishable from care provided by physicians.**" Nurse Practitioners, Physician Assistants, and Certified Nurse Midwives: A Policy Analysis, Dec. 1986, Washington, D.C.: Office of Technology Assessment, U.S. Congress (emphasis added).

Accordingly, Plaintiff is exempt from the overtime provisions of the FLSA even though he is paid hourly, and is not salaried. 29 C.F.R. § 541.304. Defendants, and not Plaintiff, are therefore entitled to summary judgment.

### III.     CONCLUSION

For these reasons, and those set forth in the Memorandum of Law in Support of Defendants' Motion for Summary Judgment, Plaintiff's Motion for Summary Judgment must be denied, and Defendants' Motion for Summary Judgment must be granted.

Respectfully submitted,

/s/ Edward S. Mazurek
Edward S. Mazurek (PA 50278)
The Mazurek Law Firm, LLC
2000 Ten Penn Center
P.O. Box 15792
Philadelphia, PA 19103
215-988-9090
emazurek@mazureklawfirm.com

Michael S. Burkhardt (PA 11428)
Jonathan S. Krause (PA 93817)
Christopher D. Havener (PA 209012)
Morgan Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA  19103-2921
215-963-5130/5510/5512
mburkhardt@morganlewis.com
jkrause@morganlewis.com
chavener@morganlewis.com

Attorneys for Defendants

DATED: May 3, 2010

## **CERTIFICATE OF SERVICE**

I, Christoper Havener, hereby certify that the foregoing Memorandum of Law in Opposition to Plaintiff's Motion for Summary Judgment was served via electronic mail on May 3, 2010 on the following:

>Bruce Carlson, Esquire
>Stephanie Goldin, Esquire
>CARLSON LYNCH LTD
>36 N. Jefferson Street
>P.O. Box 7635
>New Castle, PA 16107
>(724) 656-1555


>/s/ Christopher Havener
>Christopher Havener