IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| CHARLES E. CUTTIC, | : | CIVIL ACTION |
| --- | --- | --- |
| Plaintiff, | : | NO. 09-1461 |
| v. | : | |
| CROZER-CHESTER MEDICAL CENTER, | : | |
| Defendant. | : | |

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                             JANUARY 4, 2011

**I.    INTRODUCTION**

Plaintiff Charles E. Cuttic ("Plaintiff") commenced this action as a putative collective action[1] against Defendants, Crozer-Chester Medical Center ("CCMC" or "Defendant"), Crozer-Keystone Health System, Delaware Memorial Hospital, Taylor Hospital, Springfield Hospital, Community Hospital, and Crozer-Keystone Health Network.  Pursuant to this Court's Order dated December 27, 2010, all claims have been dismissed as to Crozer-Keystone Health System, Delaware Memorial Hospital, Taylor Hospital, Springfield Hospital, Community Hospital, and Crozer-Keystone Health Network.  Consequently, the only Defendant

---

[1] Notices of the putative collective action were sent to all putative collective action members, but no additional members opted into the lawsuit.  As such, only Plaintiff's particular circumstances are before the Court.

remaining in this case is CCMC.

Plaintiff alleges that Defendant violated the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 207(a), by not compensating him at a rate of one-and-a-half times his regular hourly rate of pay for all hours worked in excess of forty hours per week. Defendant claims that Plaintiff was not entitled to overtime because, as a physician assistant ("PA"), he falls into the FLSA's professional exemption.[2] The issue before the Court is whether, pursuant to the FLSA's professional exemption, PAs are exempt from the overtime requirements mandated by the FLSA. The parties have filed cross-motions for summary judgment. Based on the foregoing, Plaintiff's motion will be granted and Defendant's motion will be denied.

## II. BACKGROUND

### A. Plaintiff's Employment

Plaintiff is employed by CCMC as a PA in the cardiac surgery service. (Pl. Dep. at 5.) Plaintiff testified that he practices medicine under the supervision of his attending physicians and has been doing so, at CCMC, for fifteen years. (Id. at 54.)

Plaintiff has a Bachelor of Health Science Degree from Duke University and is certified by the National Commission of Certification of Physician Assistants ("NCCPA"). (Id. at 4-5.)

---

[2] See infra discussion of 29 C.F.R. §§ 541.300, 541.304.

Accordingly, he is licensed to practice medicine under the supervision of a physician in the Commonwealth of Pennsylvania, and indeed so practices. (Id. at 50, 54); 49 Pa. Code § 18.151(a) ("The physician assistant practices medicine with physician supervision."). At CCMC, in addition to Plaintiff's general privileges, Plaintiff has various cardiothoracic privileges. (William Krieder Dep. ("CCMC Dep.") at 66-76, Exh. 8.) Generally, procedures that Plaintiff performs as a PA must be performed under the supervision of a physician. (Pl. Dep. at 45.)

    B. Plaintiff's Compensation

Plaintiff, at all times, has been compensated by Defendant on an hourly basis and, accordingly, his wages are wholly dependent upon how much time Plaintiff works. (CCMC Dep. at 47-48.) Plaintiff is not paid on a "salary" or "fee" basis and does not receive overtime compensation from Defendant. (Id. at 48, 56.) Over the last three years, his hourly rate of pay has been approximately $50.00 per hour. (Id. at 48-49, Exh. 4.)

**III. LEGAL STANDARD**

    A. Summary Judgment Standard

Summary judgment is appropriate if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "A motion

for summary judgment will not be defeated by 'the mere existence' of some disputed facts, but will be denied when there is a genuine issue of material fact." Am. Eagle Outfitters v. Lyle & Scott Ltd., 584 F.3d 575, 581 (3d Cir. 2009) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)). A fact is "material" if proof of its existence or non-existence might affect the outcome of the litigation, and a dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248.

In undertaking this analysis, the court views the facts proffered by the non-moving party as true and considers the facts in the light most favorable to the non-moving party. "After making all reasonable inferences in the non-moving party's favor, there is a genuine issue of material fact if a reasonable jury could find for the nonmoving party." Pignataro v. Port Auth. of N.Y. & N.J., 593 F.3d 265, 268 (3d Cir. 2010) (citing Reliance Ins. Co. v. Moessner, 121 F.3d 895, 900 (3d Cir. 1997)). While the moving party bears the initial burden of showing the absence of a genuine issue of material fact, the non-moving party "may not rely merely on allegations or denials in its own pleading; rather, its response must—by affidavits or as otherwise provided in [Rule 56]—set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2).

B. FLSA Exemptions

The FLSA requires that employees receive overtime pay for all hours worked in excess of forty hours per workweek, and the overtime pay must be at least one-and-one-half times the "regular rate" of pay. See 29 U.S.C. § 207(a)(1).[3] Three exceptions apply to this general rule. Individuals employed "in a bona fide executive, administrative, or professional capacity" are exempt from the FLSA's overtime requirements and need not receive overtime wages. 29 U.S.C. § 213(a)(1). These exemptions are to be construed narrowly against the employer, and the employer bears the burden of proof that a given employee falls within the scope of an overtime exemption. See Pignataro, 593 F.3d 265, 268 (3d Cir. 2010); Davis v. Mountaire Farms, Inc., 453 F.3d at 556; Madison v. Res. for Human Dev., Inc., 233 F.3d 175, 183 (3d Cir. 2000) (citing Mitchell v. Ky. Fin. Co., 359 U.S. 290, 295 (1959)).

At issue in this case is the exception for bona fide professionals. The term "bona fide . . . professional" is defined by the Department of Labor ("DOL"). See 29 C.F.R. §§

---

[3]   "Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1).

541.300, 541.304. The first definition of professional, and the first exception from the FLSA's overtime requirements, is found in § 541.300. A person is employed in a bona fide professional capacity if two criteria are met. First, the person must be "[c]ompensated on a salary or fee basis at a rate of not less than $455 per week." 29 C.F.R. § 541.300(a)(1). Second, the court must examine the employee's "primary duties" and determine if the employee performs work "[r]equiring knowledge of an advanced type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction." 29 C.F.R. § 541.300(a)(2). It is undisputed that Plaintiff was not compensated on a salary or fee basis. Consequently, Plaintiff cannot meet the conjunctive test enunciated in § 541.300, and he is not exempt from the FLSA's overtime requirements on that basis.

The second definition of professional, and exception from the FLSA's overtime requirements, is found in § 541.304. If an individual falls within this exception he or she is exempt from the FLSA's overtime requirements <u>and</u> § 541.300(a)(1)'s salary requirement. This exemption provides:

> (a) The term employee employed in a bona fide professional capacity in section 13(a)(1) of the Act also shall mean: (1) Any employee who is the holder of a valid license or certificate permitting the practice of law or

medicine or any of their branches and is actually engaged in the practice thereof; . . . .

(b) In the case of medicine, the exemption applies to physicians and other practitioners licensed and practicing in the field of medical science and healing or any of the medical specialties practiced by physicians or practitioners. The term physicians includes medical doctors including general practitioners and specialists, osteopathic physicians (doctors of osteopathy), podiatrists, dentists (doctors of dental medicine), and optometrists (doctors of optometry or bachelors of science in optometry).

(d) The requirements of 541.300 and subpart G (salary requirements) of this part do not apply to the employees described in this section.

29 C.F.R. § 541.304 (emphasis added).

Section 541.600(e) reiterates that the salary requirements set forth at subpart G do not apply to those employees described in § 541.304:

In the case of professional employees, the compensation requirements of this section shall not apply to . . . employees who hold a valid license or certificate permitting the practice of law or medicine or any of their branches and are actually engaged in the practice

thereof. . . . In the case of medical occupations, the
exception from the salary or fee requirement does not
apply to pharmacists, nurses, therapists,
technologists, sanitarians, dieticians, social workers,
psychologists, psychometrists, <u>or other professions
which service the medical profession</u>.

29 C.F.R. § 541.600(e) (emphasis added).

## IV. ANALYSIS

### A. <u>The Parties' Arguments</u>

The issue in dispute is whether PAs are intended to be included within § 541.304 and, thus, exempt from the salary requirement in § 541.300(a)(1). In particular, the parties contest whether the language "other practitioners licenced and practicing in the field of medical science" includes PAs. See 29 C.F.R. § 541.304(b).

Defendant argues that PAs are explicitly included among those who qualify for the salary-basis exemption enunciated in § 541.304 because the regulation makes an exception to the salary-basis requirement for employees holding valid licenses or certifications permitting the practice of medicine and actually engaging in the practice thereof. 29 C.F.R. § 541.304(d). Defendant states that because Plaintiff admitted he possesses a valid licence to practice as a PA in Pennsylvania and that he "practice[s] medicine under the direct supervision of [his]

attending physicians," Plaintiff is a "practitioner licensed and practicing in a field of medical science" and qualifies under the salary-basis exemption. (Def.'s Mot. for Summ. J. at 9-12.)

Plaintiff, on the other hand, argues that the salary-basis exemption is narrow in scope and does not include PAs. To support this argument, Plaintiff compares the examples given in § 541.600(e) and § 541.304(b). Section 541.600(e) states that "[i]n the case of medical occupations, the exception from the salary or fee requirement does not apply to pharmacists, nurses, therapists, technologists, sanitarians, dieticians, social workers, psychologists, psychometrists, <u>or other professions which service the medical profession</u>." 29 C.F.R. § 541.600(e) (emphasis added). Section 541.304(b) states that "the exemption applies to physicians and other practitioners. . . . The term 'physicians' includes doctors including general practitioners and specialists, osteopathic physicians . . ., podiatrists, dentists . . ., and optometrists . . . ." 29 C.F.R. § 541.304(b).

Plaintiff argues that a PA is more akin to one of the named professions which "service the medical profession" as opposed to a doctor, osteopathic physician, podiatrist, dentist, or optometrist. Plaintiff points out that any work he does as a PA must be performed under the direct supervision of a physician, and his main function "is to serve and provide support to the medical profession." (Pl.'s Mot. for Summ. J. at 8.)

B. Examination of § 541.304

In interpreting the language and meaning of § 541.304, the Court must first determine whether the terms used in § 541.304 are ambiguous as to PAs.  Defendant argues that PAs unambiguously practice medicine or a branch of medicine within the meaning of § 541.304, and Plaintiff maintains that the regulation does not speak to this issue.  "A regulation is ambiguous when it is not free from doubt . . . and where no particular interpretation of the regulation is compelled by the regulation's plain language or by other indications of the [agency's] intent at the time of promulgation of the regulation." Sec'y of Labor v. Beverly Healthcare-Hillview, 541 F.3d 193, 198 (3d Cir. 2008) (internal marks omitted) (holding the term "cost" in Bloodborne Pathogens Standard regulation was ambiguous based on preamble language and fact that neither party "pointed to any indication contemporaneous with promulgation unequivocally stating the agency's intent to interpret the provision in a particular way").

Here, the regulations do not define the terms used in § 541.304.  In particular, the term "other practitioners licensed and practicing in the field of medical science" is broad and undefined.  See Belt v. Emcare, Inc., 444 F.3d 403, 409-12 (5th Cir. 2006) (finding § 541.304's language is ambiguous and resorting to DOL for interpretative guidance); Clark v. United

Emergency Animal Clinic, Inc., 390 F.3d 1124, 1127 (9th Cir. 2004) (considering the applicability of § 541.304 to veterinarians); Parker v. Halpern-Ruder, M.D., No. 07-401S, 2008 WL 4365429, at *1 (D.R.I. Sept. 16, 2008) (considering the applicability of § 541.304 to registered nurse practitioners and holding nurse practitioners do not fall within § 541.304). Consequently, the Court must construe the language of § 541.304 by giving controlling weight to the agency's interpretations unless they are "arbitrary, capricious, or manifestly contrary to the statute." Chevron U.S.A., Inc. v. Natural Res. Defense Council, Inc., 467 U.S. 837, 842-44 (1984). An agency's interpretation is controlling "unless plainly erroneous or inconsistent with the regulation." Auer v. Robbins, 519 U.S. 452, 461 (1997) (internal marks omitted).

There is limited law on the question of whether PAs are exempt from the overtime requirements of the FLSA pursuant to § 541.304. The Fifth Circuit, the only circuit to consider the matter, gave deference to the DOL's informal interpretative statements because that court held that there was limited law on the matter. Belt, 444 F.3d at 405 (using DOL interpretative statements to determine that PAs are not exempt from the salary-basis test); see also Parker, No. 07-401S, 2008 WL 4365429, at *4 (denying Defendant's motion to dismiss because Defendant did not establish that nurse practitioners are subject to salary-basis

exemption in § 541.304). This Court will do the same.[4]

The DOL has consistently interpreted the regulations set forth in § 541 to require a PA to satisfy both the duties test and the salary-basis test, as set forth in § 541.300(a)(1)-(2), in order to qualify for an exemption from the FLSA's overtime requirements. The DOL has refused to extend § 541.304's exception to the salary-basis requirement beyond actual physicians and has consistently taken the position that the salary-basis exception does not apply to PAs. The DOL issued an interpretative regulation in 1949, which was revised in 1973, regarding the meaning of § 541.304(a)'s phrase "or any of its branches". See Belt, 444 F.3d at 413 (examining DOL's interpretative regulations to interpret 29 C.F.R. § 541.3(e) which is a predecessor to 29 C.F.R. § 541.304). This interpretative regulation stated:

> Exception for physicians, lawyers, and teachers.
> 
> (a) . . . The exception applies only to the traditional professions of law, medicine, and teaching and not to employees in related professions which merely serve these professions.
> 
> (b) In the case of medicine:

---

[4] The Court finds that the analysis in Belt is persuasive and rejects Defendant's arguments that Belt is distinguishable because it alludes to Texas law. The Belt Court's holding is not dependent on Texas law, and the language considered in Belt is the same as that considered in this case.

> (1) . . . The term physicians means medical doctors including general practitioners and specialists, and osteopathic physicians. . . . Other practitioners in the field of medical science and healing may include podiatrists . . ., dentists . . ., optometrists . . . .
>
> (2) [omitted]
>
> (3) In the case of medical occupations, the exception from the salary or fee requirement does not apply to pharmacists, nurses, therapists, technologists, sanitarians, dieticians, social workers, psychologists, psychometrists, or other professions <u>which service the medical profession</u>.

Id. (quoting 29 C.F.R. § 541.314(a), (b)(1)-(3) (1973)) (emphasis added). This language indicates that the DOL intended for the salary-basis exemption, set forth in § 541.304, to only apply to the "traditional professions of law, medicine, and teaching. . . ." Defendant does not assert any arguments as to why PA's should be considered members of the "traditional professions of law, medicine, and teaching." The PA occupation did not develop until 1960; as such, it could not have been within the traditional practice of medicine when the exception was first enacted in 1940.

The 2004 amendments to the regulations continue to use a salary-basis test to determine whether an employee qualifies

for the "bona fide professional" exemption pursuant to § 541.300. Additionally, the 2004 amendments specifically reference PA's. Section 541.301(e)(4) states that PAs who meet certain educational and certification requirements "generally meet the duties requirements for the learned professional exemption." 29 C.F.R. § 541.301(e)(4). The learned professional exemption that is referenced is found in § 541.300, and this exemption requires an employee to meet the duties and salary requirements. Other occupations explicitly recognized in § 541.301 include registered or certified medical technologists and nurses. See § 541.301(e)(1)-(2). These recognized professions are explicitly excluded from § 541.304's salary-basis exemption in § 541.600(e). Further support for the Plaintiff's position is found directly in the DOL's statements. In Belt, the DOL, as amicus curiae, "unambiguously adopt[ed] the position that [nurse practitioners] and PA's do not qualify for the professional exemption." 444 F.3d at 415; see also Auer, 519 U.S. at 462 (finding that Secretary's amicus brief sufficed to show how the DOL interpreted its own ambiguous regulation).

Under these circumstances, the Court will give deference to the DOL's position which is consistent with the 1973 interpretative regulations and 2004 amendments. In deferring to the DOL's interpretive statements, the Court holds that PAs are not included in the salary-basis exemption found in § 541.304.

## V. CONCLUSION

Based on the foregoing, the Court will grant summary judgment in favor of Plaintiff and deny summary judgement as to Defendant. An appropriate Order will follow.