```
           IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF PENNSYLVANIA


CHARLES E. CUTTIC,              :    CIVIL ACTION
                                :    NO. 09-1461
     Plaintiff,                 :
                                :
v.                              :
                                :
CROZER-CHESTER MEDICAL CENTER,  :
                                :
          Defendant.            :
                                :
```

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                              June 20, 2012

Before the Court is the parties' joint request for an in camera review and approval of their proposed settlement.[1] For the following reasons, the Court will deny the parties' joint motion for an in camera review.

## I.   BACKGROUND

Plaintiff Charles E. Cuttic ("Plaintiff") commenced

---

[1] The Court received a letter from the parties on June 5, 2012 and treated the letter as a joint request for an in camera review and approval of their proposed settlement agreement. After receiving the letter, the Court heard oral argument on the request on June 12, 2012. See ECF Nos. 54, 55. After the oral argument concluded, Defendant submitted a letter bringing to the Court's attention certain further authorities, which it argued supported its position.

this action as a putative collective action[2] against Defendants Crozer-Chester Medical Center ("CCMC" or "Defendant"), Crozer-Keystone Health System, Delaware Memorial Hospital, Taylor Hospital, Springfield Hospital, Community Hospital, and Crozer-Keystone Health Network.  Pursuant to this Court's Order dated December 27, 2010, all claims have been dismissed as to Crozer-Keystone Health System, Delaware Memorial Hospital, Taylor Hospital, Springfield Hospital, Community Hospital, and Crozer-Keystone Health Network. Consequently, the only Defendant remaining in this case is CCMC.

In his complaint, Plaintiff alleged that Defendant violated the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 207(a) (2006), by not compensating him at a rate of one-and-a-half times his regular hourly pay for all hours worked in excess of forty hours. Defendant, however, contended that Plaintiff is not entitled to overtime payment because he falls into the FLSA's bona fide professional exemption as a Physician's Assistant ("PA"). At the summary judgment phase, the Court ruled that Plaintiff is not an exempt bona fide professional and, therefore, is entitled to overtime pay. See Cuttic v. Crozer-Chester Med. Ctr., 760 F. Supp. 2d 513, 519 (E.D. Pa. 2011).

---

[2]  Notices of the putative collective action were sent to all putative collective action members, but no additional members opted in to the lawsuit. Accordingly, only Plaintiff's particular circumstances are before the Court.

On June 4, 2012, Defendant and Plaintiff sent a joint letter reporting that they had reached an agreement to settle this matter pending the Court's approval. The letter requests that the Court undertake an in camera review of the confidential settlement agreement, and that the Court enter the enclosed Stipulation of Dismissal. There are two issues before the Court. The first is whether the Court should review the FLSA settlement without making the settlement agreement part of the public record. The second is whether the proposed settlement agreement is a fair and reasonable resolution of the dispute. This memorandum will address only the first issue.

**II.  IN CAMERA REVIEW REQUEST**

The Third Circuit has recognized a right of access to judicial proceedings and judicial records, and has expressed that this right of access is "'beyond dispute.'" Littlejohn v. Bic Corp., 851 F.2d 673, 677–78 (3d Cir. 1988) (quoting Publicker Indus., Inc. v. Cohen, 733 F.2d 1059, 1066 (3d Cir. 1984)). A settlement agreement deemed a judicial record is accessible under the right of access doctrine. Bank of Am. Nat'l Trust & Sav. Ass'n v. Hotel Rittenhouse Assocs., 800 F.2d 339, 344 (3d Cir. 1986) (holding that the strong presumption of access outweighed the generalized interest in promoting settlements). In Pansy v. Borough of Stroudsburg, the Third Circuit held that where a

settlement agreement is filed with, interpreted by, or enforced by a district court, it is a "judicial record." 23 F.3d 772, 777 (3d Cir. 1994) (citing Enprotech Corp. v. Renda, 983 F.2d 17, 20-21 (3d Cir. 1993)). Therefore, if FLSA settlement agreements are judicial records, they are subject to the right of access doctrine and available to the public unless the parties make a showing "sufficing to override the strong presumption of access." Rittenhouse, 800 F.2d at 346.

Pursuant to the FLSA, an action "may be maintained . . . by any one or more employees for and in behalf of themselves and other employees similarly situated." 29 U.S.C. § 216(b). There are only two ways that claims arising under the FLSA can be settled or compromised by employees: (1) a compromise supervised by the Department of Labor pursuant to 29 U.S.C. § 216(c); or (2) a district court-approved compromise pursuant to 29 U.S.C. § 216(b). See also Lynn's Food Stores Inc. v. United States, 679 F.2d 1350, 1354 (11th Cir. 1982). When parties present to the district court a proposed settlement, the district court may enter a stipulated judgment if it determines that the compromise reached "is a fair and reasonable resolution of a bona fide dispute over FLSA provisions" rather than "a mere waiver of statutory rights brought about by an employer's overreaching." Lynn's Food, 679 F.2d at 1354; Bredbenner v. Liberty Travel, Inc., No. 09-905, 2011 WL 1344745 (D.N.J. Apr. 8, 2011); see also

4

H.R. Rep. No. 101-644, at 18-19 (1990). The act of reviewing FLSA settlements for fairness requires interpretation of the agreement, which is a judicial act. In essence, by being the subject of interpretation by the Court, FLSA settlement agreements become judicial records. See Enoprotech, 983 F.2d at 20 ("[W]hen the parties seek interpretative assistance from the court or otherwise move to enforce a settlement provision, then the settlement documents can become part of the public component of a trial.") (citing Rittenhouse, 800 F.2d at 343-44); cf. United States v. Amodeo, 44 F.3d 141, 145 (2d Cir. 1995) (finding that a judicial document, subject to the right of public access, is one that is relevant to the performance of a judicial function and useful in the judicial process). Thus, FLSA settlements presented to the district court for review are judicial records to which the right of access attaches.

Further support for public access to settlement agreements in FLSA cases derives from the private-public character of employee rights under the FLSA. Cf. Hens v. Clientlogic Operating Corp., No. 05-381S, 2010 WL 4340919, at *2 (W.D.N.Y. Nov. 2, 2010) (finding that with respect to FLSA settlements there is "general public interest in the content of documents upon which a court's decision is based, including a determination of whether to approve a settlement"); Tabor v. Fox, No. 09-338, 2010 WL 2509907, at *1 (E.D.N.C. June 17, 2010)

(holding that in FLSA cases, "there is no doubt that the common law presumption of access applies" to settlement agreements); <u>Dees v. Hydradry, Inc.</u>, 706 F. Supp. 2d 1227, 1244-45 (M.D. Fla. 2010) ("Sealing an FLSA settlement agreement between an employer and employee, reviewing the agreement in camera, or reviewing the agreement at a hearing without the agreement's appearing in the record . . . thwarts Congress's intent both to advance employees' awareness of their FLSA rights and to ensure pervasive implementation of the FLSA in the workplace."). Under the FLSA, "the public has an 'independent interest in assuring that employees['] wages are fair and thus do not endanger 'the national health and well-being.'" <u>Hens</u>, 2010 WL 4340919, at *2 (quoting <u>Stalnaker v. Novar Corp.</u>, 293 F. Supp. 2d 1260, 1263-64 (M.D. Ala. 2003)). Therefore, there is a strong presumption in favor of keeping settlement agreements in FLSA wage-settlement cases unsealed and available for public view. <u>Id.</u>

Having found that the right of access doctrine attaches, the Court must now balance this presumption against factors militating against access. In their letter to the Court, the parties assert that case law demonstrates that courts routinely approve FLSA settlements where the settlement agreement is reviewed in camera or filed under seal. All of the cases parties cite are unhelpful because they appear to assume without discussing whether the right of access applies to FLSA

6

settlements. Moreover, none of the cases identify or discuss policy justifications for the FLSA settlement to be filed under seal or to be reviewed only in camera. See e.g., Sabol v. Apollo Grp., Inc., No. 09-3439, slip op. at 1 (E.D. Pa. June 27, 2011); Malloy v. Pentec Health Inc., No. 09-5974 (E.D. Pa. July 16, 2010) (order approving settlement as fair following in camera review); Freyre v. Tin Wai Hui DMD, P.A., No. 08-22810, 2009 WL 89283, at *1 (S.D. Fla. Jan. 13, 2009) (noting only that the court determined that the settlement was fair and reasonable after an in camera review); Goudie v. Cable Commc'ns, Inc., No. 08-507, 2009 WL 88336, at *1 (D. Or. Jan. 12, 2009) (same).

The parties additionally orally argued that the presumption of public access is outweighed by two counter policy arguments. Specifically, that confidentiality was a material term of the settlement and that public disclosure "might attract negative attention" to Defendant. Although these arguments were invoked, the parties neither spelled out their concerns nor provided substantiation for the Court to conclude that these justifications were sufficient to override the public's right of access.[3] See Joo v. Kitchen Table, Inc., 763 F. Supp. 2d 643, 648

---

[3] The parties also aver that this case differs from other cases because it does not involve a collective action, but only concerns the rights of the two private parties. However, a review of the federal cases that consider the question of whether the presumption of public access attaches to FLSA settlements demonstrates that no language in these cases indicate that the presumption of public access depended in any way on the case's

(S.D.N.Y. 2011) (rejecting parties' argument of confidentiality being an integral component of the agreement as a sufficient justification for sealing the FLSA settlement agreement); Hens, 2010 WL 4340919, at *4 ("'Preventing the employee's co-workers or the public from discovering the existence or value of their FLSA rights is an objective unworthy of implementation by a judicial seal.'" (quoting Dees, 706 F. Supp. 2d at 1246)); Huntsinger v. Roadway Specialty Devices, Inc., No. 09-1798, 2009 WL 3697989, at *1 (M.D. Fla. Nov. 3, 2009) (rejecting argument that "the confidentiality of the Parties' agreement is an integral provision of the overall settlement" in support of in camera review of FLSA settlement); see also Scott v. Memory Co., No. 09-290, 2010 WL 4683621, at *2 (M.D. Ala. Nov. 10, 2010) ("The fact that the settlement agreement contains a confidentiality provision is an insufficient interest to overcome the presumption that an approved FLSA settlement agreement is a judicial record, open to the public.").

      Accordingly, the Court declines to hold a hearing in camera because this is not a case where it is necessary or appropriate to have the settlement documents reviewed only in camera, and the parties have not made a sufficient showing to override the public's right of access to review judicial records.

---

status as a collective action. See Joo, 763 F. Supp. 2d at 647 n.1.

The parties have until **July 2, 2012,** to elect to withdraw their settlement agreement or to request a hearing in open court on the fairness of the settlement.

    An appropriate order will follow.