Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103-2921
Tel: 215.963.5000
Fax: 215.963.5001
www.morganlewis.com

# Morgan Lewis
COUNSELORS AT LAW

**Jonathan S. Krause**
Associate
215.963.5510
jkrause@MorganLewis.com

*[Handwritten: Order ① to be filed of record]*

June 4, 2012

*[Received stamp: JUN 05 2012 CHAMBERS OF JUDGE ROBRENO]*

**VIA HAND DELIVERY**

The Honorable Eduardo C. Robreno
United States District Court
Eastern District of Pennsylvania
James A. Byrne Federal Courthouse
601 Market Street, Room 11614
Philadelphia, PA 19106-1720

*[Handwritten signature and date: 6/20/12]*

Re:   Charles E. Cuttic v. Crozer-Chester Medical Center, Civil Action No. 09-CV-01461-ER

Dear Judge Robreno:

The parties are pleased to report that they have reached an agreement to settle this matter, contingent upon the Court's approval requested below. By this letter, the parties jointly request that Your Honor undertake an *in camera* review of the confidential settlement agreement that has been reached by the parties, and that Your Honor execute the enclosed Stipulation of Dismissal.

In this case, Plaintiff[1] asserts claims for violations of the Fair Labor Standards Act ("FLSA"). Defendant denies Plaintiff's allegations, but the parties have negotiated at arms-length, with each party represented by counsel, and after mediation before retired United States Magistrate Judge Diane Welsh, have come to an agreement to resolve Plaintiff's stated concerns regarding his employment with Defendant. Accordingly, the parties entered into a confidential Settlement Agreement and General Release (the "Agreement") governing the terms of this settlement. As the settlement includes a release of wage and hour claims under the FLSA, however, the Agreement is conditioned upon the Court's approval of the Agreement. *See Lynn's Food Store v. United States*, 679 F.2d 1350, 1353-55 (11th Cir. 1982) (holding that the Court must "scrutiniz[e] the settlement for fairness" to determine whether the agreement is "a fair and reasonable resolution of a bona fide dispute over FLSA provisions."). Because both parties desire to maintain confidentiality of the Agreement, which is a material term of the Agreement and a fundamental part of the bargain for which Defendant is paying consideration, we jointly

---

[1]   Charles Cuttic is the only named Plaintiff. While a collective action was conditionally certified, none of the individuals who received notice of the putative collective action chose to opt-in, and Mr. Cuttic agreed to dismiss all defendants other than Crozer-Chester Medical Center and proceed with a single plaintiff action.

*[Handwritten: ① without including settlement Agreement]*

request that you conduct your fairness review *in camera* and request that neither the Settlement Agreement nor its substantive terms be part of the official Court record or otherwise available from the Court for public inspection.

It is well-established that "a federal judge has the power to prevent access to settlement negotiations when necessary to encourage the amicable resolution of disputes . . . ." *Viada v. Osaka Health Spa, Inc.*, No. 04 Civ. 2744, 2006 U.S. Dist. LEXIS 84744, at *3 (S.D.N.Y. June 27, 2006) (approving confidential settlement agreement in FLSA case where settlement was conditioned upon confidentiality and parties represented settlement would not be possible without confidential treatment) (citing *City of Hartford v. Chase*, 942 F.2d 130, 135 (2d Cir. 1991)). Although Court filings by default are deemed matters of public record, the public's right of access to judicial records may be overcome by the party seeking protection, which includes a balancing of interests. *See Bank of Am. Nat'l Trust and Sav. Ass'n v. Hotel Rittenhouse Assocs.*, 800 F.2d 339, 344 (3d Cir. 1986) (explaining that parties that chose to file a voluntary stipulation of dismissal under F.R.C.P. 41(a)(1) can avoid public access to the terms of a private settlement agreement). In cases where confidentiality is a material provision of a settlement resolving FLSA claims, as it is here, courts routinely and regularly review settlement agreements *in camera* rather than require the parties to file the settlement agreements as part of the public record. *See, e.g., King v. Wells Fargo Home Mort.*, No. 08-307, 2009 WL 2370640, at *1 (M.D. Fla. July 30, 2009) (reviewing confidential settlement agreement *in camera*); *Freyre v. Tin Wai Hui DMD, P.A.*, No. 08-cv-22810, 2009 WL 89283, at *1 (S.D. Fla. Jan. 13, 2009) (same); *Goudie v. Cable Comms., Inc.*, No. 08-507, 2009 WL 88336, at *1 (D. Or. Jan. 12, 2009) (same); *Viada*, 2006 U.S. Dist. LEXIS 84744, at *3-4 (approving parties' request to seal confidential settlement agreement submitted for court approval in FLSA case); *Gilmore v. Nationwide Ins. Co. of Am.*, No. 2:06-CV-183-WKW, 2006 U.S. Dist. LEXIS 88919, at *3 (M.D. Ala. Dec. 8, 2006) (same). As the settlement pertains only to Plaintiff's individual claim, there is no public interest in its terms that could overcome the parties' private agreement to maintain its confidentiality.

The parties submit that the settlement amount in the Agreement is objectively fair to Plaintiff. Plaintiff's counsel's fees were negotiated separately from the FLSA settlement amount and Plaintiff's counsel's actual fees exceed what counsel is receiving under the Agreement. Moreover, counsel for the parties have thoroughly negotiated the Agreement and its specific terms, including the requirement that the Agreement remain confidential. Accordingly, the parties respectfully request that the Court review the Agreement *in camera* and enter the enclosed Stipulation of Dismissal. Alternatively, the parties will make themselves available for a call or in-person conference with Your Honor to address this request in more detail at your convenience.

Respectfully Submitted,

*[signature]*

Jonathan S. Krause
Enclosures
cc: Gary F. Lynch, Plaintiff's Counsel