# EXHIBIT A

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release (the "Agreement") is entered into by and between Charles E. Cuttic and Crozer-Chester Medical Center ("Crozer-Chester"). For purposes of this Agreement, the term "Cuttic" shall mean and include Charles E. Cuttic and any and all of his executors, administrators, successors, assigns, agents and representatives. For purposes of this Agreement, the term "Releasees" shall mean and include Crozer-Chester and its parents, subsidiaries (whether or not wholly-owned), affiliates, divisions, predecessors, successors, insurers and assigns, and any and all other related individuals and entities, jointly and individually, including, but not limited to Crozer-Keystone Health System, Crozer Chester Medical Center, Delaware County Memorial Hospital, Taylor Hospital, Springfield Hospital, Community Hospital, and Crozer-Keystone Health Network, and their past, present and future stockholders, directors, officers, trustees, agents, insurers, representatives, attorneys, benefit plans and benefit plan administrators and trustees, and employees, and this Agreement shall inure to the benefit of all such individuals and entities.

## W I T N E S S E T H :

WHEREAS, on April 6, 2009, Cuttic filed an action in the United States District Court for the Eastern District of Pennsylvania, Civ. No. 09-CV-01461-ER (the "Action"), alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA");

WHEREAS on January 26, 2011, Cuttic filed an action in the Delaware County Court of Common Pleas, Case No. 11-000640 (the "State Action"), alleging violations of the Pennsylvania Minimum Wage Act, 35 P.S. § 333.101 ("PMWA") and the Pennsylvania Wage Payment and Collection Law, 43 P.S. § 2601.1 et seq. ("WPCL");

WHEREAS, the parties desire to enter into this Agreement to fully and finally settle, resolve and dismiss with prejudice the Action and to fully and finally settle and resolve any and all other claims, complaints, charges and actions of any kind whatsoever, whether known or unknown, including the State Action, which Cuttic may have against Releasees, other than those claims which are not lawfully waivable; and

WHEREAS, Crozer-Chester denies Cuttic's claims and specifically denies that its conduct was in any way wrongful or improper; and

WHEREAS, Crozer-Chester and Cuttic have agreed to avoid further proceedings and to settle and resolve the claims asserted in the Action, and any other claims, complaints, charges and actions of any kind whatsoever, whether known or unknown, including the State Action, which Cuttic may have against Releasees, other than those claims which are not lawfully waivable, to the fullest extent permitted by law and without any admission of liability or wrongdoing by any party and with no party considered to be a prevailing party.

NOW, THEREFORE, in consideration of the promises and covenants contained in this Agreement, the parties hereby agree as follows:

1.    Dismissal of Pending Litigation. Cuttic agrees to voluntarily dismiss the Action with prejudice and to cooperate with Crozer-Chester's counsel to obtain Court approval of the FLSA settlement/release. In that regard, Cuttic agrees that he will take all actions necessary to accomplish the dismissal with prejudice of the Action, including (1) seeking Court approval of this Agreement; and (2) once the Court has approved this Agreement, signing and filing the Stipulation of Dismissal attached as Exhibit A hereto. Cuttic further agrees that he shall voluntarily withdraw all other pending actions filed in federal or state court, including the State Action, as well as administrative charges, against the Releasees. In that regard, Cuttic agrees that he will not take any action to withdraw the praecipe to settle, discontinue and end the State Action that he previously filed, and that he will cooperate with Crozer-Chester if at any time it becomes necessary to seek approval from the Court in the State Action to effectuate the terms of this Agreement and the dismissal of the State Action. Cuttic further acknowledges and understands that any and all obligations set forth in this Agreement are conditioned completely and entirely upon: (1) Crozer-Chester receiving an order from the United States District Court for the Eastern District of Pennsylvania dismissing the Action with prejudice, and approving the FLSA settlement/release; and (2) the dismissal with prejudice of all other pending actions against Releasees which Cuttic has instituted. In the event that the Action, the State Action, and all other pending actions (as defined above) are not dismissed with prejudice, Crozer-Chester will have the right to void this Agreement. In the event that Crozer-Chester voids this Agreement based on the non-occurrence of the conditions precedent set forth in this paragraph, all obligations imposed on the parties by this Agreement shall be null and void.

2.    Effective Date and Dismissal Date. This Agreement shall not become effective or enforceable until after (1) Crozer-Chester has received proof of the withdrawal and dismissal with prejudice of Cuttic's claims in the Action (including the Court's approval of the FLSA settlement/release); (2) Crozer-Chester has received proof of the withdrawal and dismissal with prejudice of the State Action; and (3) the seven-day period for Cuttic to revoke this Agreement has expired, whichever is latest (the "Effective Date"). Cuttic agrees to withdraw and seek the dismissal of the Action as soon as practicable and no later than five (5) business days after he signs this Agreement by filing a motion seeking court approval of this Agreement.

3.    Release of Claims.

Cuttic, for the consideration set forth herein, which he acknowledges is adequate and satisfactory to him, hereby commits as follows.

Cuttic hereby irrevocably and unconditionally releases, waives and forever discharges Crozer-Chester and the Releasees from any and all complaints, charges, causes of action, agreements, promises, liabilities, claims, demands, rights and entitlements of any kind whatsoever, in law or equity, whether known or unknown, asserted or unasserted, fixed or contingent, apparent or concealed, which Cuttic ever had, now has or hereafter can, shall or may have for, upon, or by reason of any matter, cause or thing whatsoever existing, arising or occurring at any time on or prior to the date he executes this Agreement, including, without limitation, any and all claims arising out of or relating to his employment with Crozer-Chester, and/or any and all claims Cuttic may have against Releasees relating to any acts and/or omissions by Releasees, and including any and all contract claims, tort claims, fraud claims, defamation, disparagement, or other personal injury claims, claims of discrimination, wage

-2-

payment claims, minimum wage claims, overtime claims, retaliation and/or harassment claims, claims of aiding or abetting discrimination, retaliation and/or harassment, or claims pursuant to law, statute, regulation or common law, and claims for costs, expenses and attorneys' fees with respect thereto; provided, however, that this waiver and release shall not prohibit Cuttic from enforcing his rights under this Agreement, does not release claims that may arise after the date that Cuttic executes this Agreement, and does not release any claims Cuttic may have as to any vested benefits under any employee pension plan, and does not release any other claim that is not lawfully waivable.

This release and waiver includes, without limitation, any and all rights and claims arising under Title VII Of The Civil Rights Act Of 1964, the Fair Labor Standards Act, the Family Medical Leave Act, the Equal Pay Act, the Employee Retirement Income Security Act of 1974, Section 1988 of Title 42 of the United States Code, the Rehabilitation Act of 1973, the Pennsylvania Minimum Wage Act, the Pennsylvania Wage Payment and Collection Law, and all other federal, state or local statutes, rules, ordinances, regulations or common law or constitutional provisions.

Cuttic expressly recognizes and agrees that by entering into this Agreement, Cuttic is waiving any and all rights and claims that Cuttic may have arising under the Age Discrimination In Employment Act, as amended by the Older Workers Benefits Protection Act of 1990, which have arisen on or before the date of execution of this Agreement. Cuttic agrees and represents that Cuttic was advised (by this Agreement) to discuss the terms of the Agreement with an attorney of Cuttic's choice, that Cuttic has had an opportunity to discuss those terms with attorneys or advisors of Cuttic's choice, and that Cuttic has had enough time and opportunity to consider the terms of this Agreement. Cuttic further agrees and represents that Cuttic has been given twenty-one (21) days within which to consider and sign this Agreement, and that if Cuttic signs this Agreement prior to the expiration of this twenty-one (21) day review period, Cuttic is voluntarily waiving said review period. Cuttic shall have the right to revoke this Agreement within seven (7) days after signing it by delivering by facsimile or hand delivery to Crozer-Chester's counsel in the Action written notice of his revocation. Cuttic further certifies that Cuttic signs this Agreement knowingly and voluntarily and without coercion in exchange for the consideration described herein which Cuttic acknowledges as adequate and satisfactory.

4.    Settlement Payments: Within five (5) business days after the Effective Date, and following its receipt of completed W-9 forms from Carlson Lynch LTD and Cuttic, Crozer-Chester shall remit the total gross amount of One Hundred Ten Thousand Dollars ($110,000.00), less deductions and withholdings required by law, to Cuttic's attorney as follows, provided that Cuttic does not revoke this Agreement, and provided that Cuttic has not breached any other provision of this Agreement:

(a)    one check made payable to "Charles E. Cuttic" in the amount of Forty Five Thousand Dollars ($ 45,000.00), less all applicable wage withholdings and deductions required by law, which is allocable to his FLSA claim, which shall be reported on a Form W-2; and

-3-

(b)     one check made payable to "Carlson Lynch LTD." (tax payer ID REDACTED REDACTED in the amount of Sixty-Five Thousand Dollars ($65,000.00), which is allocable to Cuttic's attorneys fees' and legal costs in this matter and shall be reported on Form 1099.

Cuttic agrees that he has not relied on any advice from Crozer-Chester, or attorneys for Crozer-Chester, concerning whether payments made pursuant to this Agreement are taxable, but is relying on his own judgment under current law. In the event that it is subsequently determined that Cuttic owes any unpaid taxes with respect to any payment under paragraph 4 of this Agreement or that additional income taxes should have been withheld with respect to such a payment, Cuttic expressly acknowledges and agrees that he and/or his heirs, executors, administrators and assigns, and not Crozer-Chester, will be responsible for the payment of any liabilities, payments or costs, including taxes, interest and penalties properly assignable to Cuttic. Cuttic agrees to indemnify and hold harmless Crozer-Chester to the full extent of any such liabilities, payments or costs properly assignable to Cuttic, including taxes, interest and penalties, which may be assessed against the Crozer-Chester in connection with any payment made to or on behalf of Cuttic under paragraph 4 of this Agreement, except for the portion of any payroll taxes for which Crozer-Chester is responsible.

5.     Compensation. Cuttic acknowledges and agrees that other than the consideration provided in this Agreement, he is not entitled to and will not receive any additional compensation or benefits of any kind from Crozer-Chester or Releasees for past work and that no representations have been made to him regarding any such additional compensation or benefits for past work. Cuttic affirms that he has been paid and/or has received all leave (paid or unpaid), compensation, wages, vacation pay, bonuses, commissions and/or benefits to which he was entitled from Crozer-Chester or Releasees for past work; and no other leave (paid or unpaid), compensation, wages, vacation pay, bonuses, commissions and/or benefits are due to him from Crozer-Chester or Releasees for past work. Cuttic further affirms that he has no known workplace injuries or occupational diseases, and that he has been provided and/or has not been denied any leave for which he was eligible under any federal, state or local family/medical or disability leave law, including but not limited to any leave for which he was eligible. Cuttic agrees further that the consideration contained in this Agreement encompasses all of the consideration for his release of any and all claims he may have had against Crozer-Chester or Releasees and that such claims are hereby irrevocably waived and released.

6.     Non-Retaliation. Crozer-Chester agrees that it will take no action affecting the terms and conditions of Cuttic's employment, including the scheduling of shifts, against Cuttic in retaliation for filing this Action or the State Action or for entering into this Agreement. Nothing in this paragraph is to be construed as preventing Crozer-Chester from making good-faith business decisions with respect to Cuttic's employment, including the terms and conditions of his employment, or entitles Cuttic to preferential treatment by Crozer-Chester with respect to the terms and conditions of his employment.

7.     Non-disparagement.

(a)     Cuttic will not make any comments or statements, orally or in writing, that directly or indirectly disparage the personal or business reputation of Crozer-Chester or any other Releasee.

(b)     Crozer-Chester agrees that its officers, directors and senior managers will not make any comments or statements, orally or in writing, that directly or indirectly disparage the personal or business reputation of Cuttic.

8.     Drafting. Each party acknowledges that it has cooperated fully in the drafting and preparation of this Agreement, and hence no rule of construction may be used to construe this Agreement against any party by virtue of that party's role in drafting this Agreement.

9.     Non-admission of Liability. This Agreement is not and shall not in any way be deemed to constitute an admission or evidence of any wrongdoing or liability on the part of Crozer-Chester or Releasees of any violation of any federal, state or local statute, rule, regulation or principle of common law or equity. Rather, this Agreement constitutes the good faith settlement and release of disputed claims, and it is acknowledged and agreed by the parties that this Agreement is being entered into by the parties solely to avoid the burden, expense, delay and uncertainties of further litigation and to fully and finally resolve, settle and dismiss, with prejudice, any and all claims of any kind whatsoever, whether known or unknown, which Cuttic has ever had or now has against Crozer-Chester or Releasees arising out of or relating to his employment with Crozer-Chester, his compensation while employed by Crozer-Chester, the Action, the State Action, or otherwise, other than those claims which are not lawfully waivable. Crozer-Chester expressly denies any wrongdoing of any kind with regard to Cuttic.

10.     Modification. This Agreement may not be changed orally, and no modification, amendment or waiver of any provision contained in this Agreement, or any future representation, promise or condition in connection with the subject matter of this Agreement, shall be binding upon any party hereto unless made in writing and signed by all parties.

11.     Integrated Document. This Agreement contains the entire agreement and complete settlement by and among the parties and supersedes any and all previous agreements of any kind whatsoever between them, whether written or oral, with the exception of any restrictive covenants not to compete and confidentiality agreements, if any. All prior and contemporaneous discussions and negotiations have been and are merged and integrated into, and are superseded by, this Agreement. This is an integrated document.

12.     Severability. In the event that any provision of this Agreement (other than paragraph 3) or the application thereof should be held to be void, voidable, unlawful or, for any reason, unenforceable, the remaining portion and application shall remain in full force and effect, and to that end the provisions of this Agreement are declared to be severable.

13.     Governing Law. This Agreement is made and entered into, and shall be subject to, governed by, and interpreted in accordance with the laws of the Commonwealth of Pennsylvania and shall be fully enforceable in the state or federal courts of that state. The parties also consent to the service of process, pleadings, notices or other papers by any method of service approved by the state and/or federal courts in Pennsylvania.

14.     Non-assignment. Neither this Agreement nor any portion hereof is assignable. The parties represent, warrant and covenant that they have not previously assigned or transferred, or purported to assign or transfer, to any individual or entity, any of the rights, claims, demands

or causes of action being released herein, and agree that no such assignment or transfer may occur without a written consent executed by the parties, and any attempt to do so shall be void.

15.    Copies. This Agreement may be executed in counterparts, and each counterpart, when executed, shall have the same effect as a signed original. Photographic and facsimile copies of such signed counterparts may be used in lieu of the originals for any purpose.

16.    Attorneys' Fees. Cuttic agrees that he is responsible for his own attorneys' fees and costs in this Action and warrants that his attorneys waive and release any claims against Crozer-Chester and Releasees for attorneys' fees and costs (other than those provided for herein), statutory or otherwise, related in any way to the matters covered by this Agreement.

17.    No Filing of Claims. Cuttic represents and warrants that except for the Action and the State Action, he has not filed, and he will not hereafter file, any claims, charges, grievances, actions, appeals or complaints against Releasees, based upon any actions occurring on or prior to the date of this Agreement. The sole exception to this is that nothing prohibits Cuttic from filing a claim with a government agency, such as the Equal Employment Opportunity Commission, that is responsible for enforcing a law on behalf of the government. However, Cuttic acknowledges and agrees that he is waiving and releasing all claims or rights to monetary damages and any other form of personal relief arising out of any such proceeding, other than those claims which are not lawfully waivable. Cuttic also promises that he will not solicit or encourage any current or former employees of Releasees, or any other person or entity, to make any claim against any Releasee.

-6-

WHEREFORE, intending to be legally bound, the parties have agreed to the aforesaid terms and indicate their agreement by signing below.

Please read carefully: this Agreement includes a release of all known and unknown claims, other than those claims which are not lawfully waivable.

I have read this agreement. I understand that I am giving up important rights. I am aware of my right to consult with an attorney of my own choosing during the consideration period, and I have done so. I sign this agreement freely and voluntarily, without duress or coercion.

IN WITNESS WHEREOF, the parties hereto, intending to be legally bound, have caused this Agreement to be executed as of the dates set forth below.

_____     8/2/2012_____
Charles E. Cuttic                    Date

I hereby acknowledge and affirm that I have full authority to act on behalf of and to bind Crozer-Chester to the terms set forth in this Agreement.

By: _____     8-2-12_____
    Name: Donald Logreid                 Date
    Title: VP + General Counsel

-7-

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES E. CUTTIC, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | DOCKET NO. 09-1461 |
| | : | |
| v. | : | |
| | : | |
| CROZER-CHESTER MEDICAL CENTER | : | |
| | : | |
| Defendant | : | |
| | : | |

### STIPULATION OF DISMISSAL

Pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), Plaintiff Charles E. Cuttic and Defendant

Crozer-Chester Medical Center, by and through their undersigned counsel, hereby stipulate and

agree to dismiss the above-captioned action with prejudice and without costs or fees to either

party. Having reviewed the terms of the parties' settlement agreement, the Court approves by

this Order the settlement and the release of Fair Labor Standards Act and other claims as fair and

reasonable and on the terms set forth in the parties' agreement. This Court shall retain

jurisdiction to enforce the terms of the parties' settlement.

**STIPULATED AND AGREED:**

Gary F. Lynch
Bruce Carlson
PNC Park
115 Federal Plaza, Suite 210
Pittsburgh, PA 15212
(412) 322-9243

*Attorneys for Plaintiff*

Michael S. Burkhardt
Jonathan S. Krause
Christopher D. Havener
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103-2921
(215) 963-5000

*Attorneys for Defendant*

**SO ORDERED:**

_____
Robreno, U.S.D.J.